UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

HARPREET DHILLON, ET AL                                          Plaintiffs

v.                                                        Civil Action No. 3:22-cv-197-RGJ

PREETKANWAL GREWAL, ET AL.                        Defendants

\* \* \* \* \*

## **MEMORANDUM OPINION AND ORDER**

Preetkanwal Grewal ("Grewal") moved to dismiss Harpreet Dhillon's and Surinder Kaur's ("Plaintiffs") Complaint. [DE 8]. Plaintiffs responded [DE 10], and Grewal replied. [DE 12]. Plaintiffs also moved to amend the Complaint prior to responding to the motion to dismiss. [DE 9]. Grewal moved a second time to dismiss [DE 13]. Plaintiffs moved for leave to file a sur-reply to the motion to dismiss. [DE 14]. Grewal responded to the motion for sur-reply [DE 15], and Plaintiffs replied. [DE 16]. Kentucky Farm Bureau Mutual Insurance Company ("Kentucky Farm Bureau") filed a Motion to Intervene. [DE 17]. There matters are ripe.

For the reasons below, Grewal's Motion to Dismiss [DE 8] is **GRANTED**, Plaintiffs' Motion to Amend [DE 9] is **DENIED**, Grewal's Second Motion to Dismiss [DE 13] is **DENIED as moot**, and Plaintiffs' Motion for Leave to file Sur-Reply [DE 14] is **GRANTED**. Kentucky Farm Bureau's Motion to Intervene [DE 17] is **DENIED as moot**.

### I.      BACKGROUND

The factual allegations in the Complaint [DE 1] and Amended Complaint [DE 9-2] are considered true for purposes of this motion. *See Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009)).

1

Plaintiffs sued Michael Smithers ("Smithers") and Preetkanwal Grewal ("Defendants") in April 2022 for violating the First, Fourth, and Fourteenth Amendments of the United States Constitution, and various state laws. Smithers was an investigator with the Kentucky Attorney General's office. [DE 9-2 at 55].

On February 6, 2022, Grewal sent text messages in group and individual conversations, including one involving Dhillon. [*Id.* at 56]. One of the group conversations included Dhillon's friend, who detailed her marital issues and physical abuse from one of Grewal's relatives. [*Id.*]. Grewal threatened legal action against the individuals involved in the messages. [*Id.*].

On February 7, 2022, Smithers appeared at Plaintiffs' residence, flashed his badge, and stated he was "Detective Smithers." [*Id.* at 57]. Only Kaur was present, and she informed Smithers she did not speak or understand English beyond basic phrases and names. [*Id.*]. Smithers told Kaur to have Dhillon call him or that she might be in trouble and get locked up, and mimed handcuffs. [*Id.*]. Smithers left his business card. [*Id.*] Dhillon called Smithers at the provided phone number and they spoke for 16 minutes, during which Smithers told Dhillon to stay away from Grewal and out of her family issues. [*Id.* at 57-58]. Dhillon told Smithers she was expected to testify in a domestic violence matter involving Grewal's family member and asked about pressing charges against Grewal for harassing test messages. [*Id.* at 58]. Smithers told Dhillon she may be arrested if she pursued pressing charges and reiterated that Dhillon would be best off not contacting Grewal or anyone else involved. [*Id.*].

Grewal now moves to dismiss Plaintiffs claims for failing to state a claim for which relief may be granted. [DE 8; DE 13]. In response, Plaintiffs moved to amend [DE 9], and Defendants renewed their motion to dismiss. [DE 13].

## II.     STANDARD

"When there are pending before the court both a dispositive motion and a motion to amend the complaint, the court must first address the motion to amend complaint." *Gallaher & Assocs., Inc. v. Emerald TC, LLC*, No. 3:08-CV-459, 2010 WL 670078, at *1 (E.D. Tenn. Feb. 19, 2010) (citing *Ellison v. Ford Motor Co.*, 847 F.2d 297, 300 (6th Cir. 1988)).  If the court grants a motion to amend, "the original pleading no longer performs any function in the case." *Clark v. Johnston*, 413 F. App'x 804, 811 (6th Cir. 2011) (internal quotation marks and citation omitted).  Thus, "when the court grants leave to amend the complaint, a motion to dismiss the original complaint will be denied as moot if the amended complaint adequately addresses the grounds for dismissal." *Stepp v. Alibaba.com, Inc.*, No. 3:16-CV-00389-CRS, 2016 WL 5844097, at *2 (W.D. Ky. Oct. 4, 2016).

Under Fed. R. Civ. P. 15(a)(2), "a party may amend its pleading only with the opposing party's written consent or the court's leave.  The court should freely give leave when justice so requires." *Id.*  "The grant or denial of leave to amend is within the discretion of the trial court, and review is for abuse of discretion." *Sec. Ins. Co. of Hartford v. Kevin Tucker & Assocs., Inc.*, 64 F.3d 1001, 1008 (6th Cir. 1995) (citing *Roth Steel Prod. v. Sharon Steel Corp.*, 705 F.2d 134, 155 (6th Cir. 1983)).  "In deciding whether to grant a motion to amend, courts should consider undue delay in filing, lack of notice to the opposing party, bad faith by the moving party, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party, and futility of amendment." *Brumbalough v. Camelot Care Centers, Inc.*, 427 F.3d 996, 1001 (6th Cir. 2005) (citing *Coe v. Bell*, 161 F.3d 320, 341–42 (6th Cir. 1998)).  "A proposed amendment is futile if the amendment could not withstand a Rule 12(b)(6) motion to dismiss." *Rose v. Hartford*

*Underwriters Ins. Co.*, 203 F.3d 417, 420 (6th Cir. 2000).  An action may be dismissed under Fed. R. Civ. P. 12(b)(6) if the complaint fails to state a claim upon which relief can be granted.

Federal Rule of Civil Procedure 12(b)(6) instructs that a court must dismiss a complaint if the complaint "fail[s] to state a claim upon which relief can be granted[.]"  Fed. R. Civ. P. 12(b)(6). To state a claim, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). When considering a motion to dismiss, courts must presume all factual allegations in the complaint to be true and make all reasonable inferences in favor of the non-moving party.  *Total Benefits Plan. Agency, Inc. v. Anthem Blue Cross & Blue Shield*, 552 F.3d 430, 434 (6th Cir. 2008) (citation omitted).  "But the district court need not accept a bare assertion of legal conclusions." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citation omitted).  "A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do.  Nor does a complaint suffice if it tenders naked assertion[s] devoid of further factual enhancement." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks and citation omitted).

To survive a motion to dismiss, a plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556).  "A complaint will be dismissed . . . if no law supports the claims made, if the facts alleged are insufficient to state a claim, or if the face of the complaint presents an insurmountable bar to relief." *Southfield Educ. Ass'n v. Southfield Bd. of Educ.*, 570 F. App'x 485, 487 (6th Cir. 2014) (citing *Twombly*, 550 U.S. at 561–64).

Rule 12(d) of the Federal Rules of Civil Procedure provides that, if "matters outside the pleadings are presented and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56." The Court, however, "may consider the Complaint and any exhibits attached thereto, public records, items appearing in the record of the case and exhibits attached to defendant's motion to dismiss so long as they are referred to in the Complaint and are central to the claims contained therein" without converting to a summary judgment. *Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008).

### III. DISCUSSION

**1. <u>Motion for Sur-reply [DE 14].</u>**

The Court first addresses whether to consider Plaintiffs' Sur-reply in its below analysis of the motions to dismiss and motion to amend. Whether to permit a party to file a sur-reply is a matter left to the trial court's discretion. *Key v. Shelby Cnty.*, 551 F. App'x 262, 264 (6th Cir. 2014) (citing *Eng'g & Mfg. Servs., LLC v. Ashton*, 387 F. App'x 575, 583 (6th Cir. 2010); *Tanielian v. DaimlerChrysler Corp.*, 108 F. App'x 386, 387 (6th Cir. 2004)). "Although the Federal Rules of Civil Procedure do not expressly permit the filing of sur-replies, such filings may be allowed in the appropriate circumstances, especially '[w]hen new submissions and/or arguments are included in a reply brief, and a nonmovant's ability to respond to the new evidence has been vitiated.'" *Seay v. Tennessee Valley Auth.*, 339 F.3d 454, 481 (6th Cir. 2003). "As many courts have noted, '[s]ur-replies. . . are highly disfavored, as they usually are a strategic effort by the nonmoving party to have the last word on a matter.'" *Liberty Legal Found. v. Nat'l Democratic Party of the USA, Inc.*, 875 F. Supp. 2d 791, 797 (W.D. Tenn. 2012) (quoting *In re Enron Corp. Sec.*, 465 F. Supp. 2d 687, 691 n.4 (S.D. Tex. 2006)) (additional citation omitted). "The Sixth Circuit has held that a district court does not abuse its discretion in denying leave to file a sur-reply where the opposing

party's reply did not raise any new legal arguments or introduce new evidence." *Id.*; *see, e.g.*, *Key*, 551 F. App'x at 265 (holding that district court's denial of motion to file sur-reply was not abuse of discretion due to lack of new arguments raised in reply and six-month delay between filing of reply and motion for sur-reply).

Plaintiffs argue the Court should allow their sur-reply to address "several new points of authority" raised in Gewal's reply. [DE 14 at 104]. Grewal responds that she "could have no objection because the Sur-Reply does not change the insufficient pleadings of facts and law" in the Complaint and Amended Complaint, but she does object because it "is outside the scope of typical pleadings and begs the question of when should pleadings and arguments stop." [DE 15 at 111]. Grewal argues that as Plaintiffs amended, "they should have expected additional arguments" in Grewal's reply. [*Id.*]. Plaintiffs' reply has "nothing substantive to add" and was "merely file[d] to close the pleadings." [DE 16 at 114].

Plaintiffs' sur-reply addresses several new arguments raised in Grewal's reply, which Grewal does not contend. [*See* DE 14; DE 15 at 111]. Further, Plaintiffs filed the Motion for Sur-reply only seven days after the filing of Grewal's Reply; thus it did not create a delay for the Court or Grewal. The Court finds the Sur-Reply should be permitted in these circumstances and accordingly, will **GRANT** the Motion for Sur-Reply. [DE 14].

2. **Motion to Dismiss [DE 8]; Motion to Amend [DE 9]; Second Motion to Dismiss [DE 13].**

Because Plaintiffs have moved to amend, the Court considers this motion before the motions to dismiss. *See Gallaher & Associates, Inc.*, 2010 WL 670078, at *1, *Brumbalough*, 427 F.3d at 1001. "Grewal does not object to the filing of the First Amended Complaint," and instead moves to dismiss this Complaint "on the same grounds as her motion to dismiss." [DE 13 at 100]. In essence, Grewal's argument is that the amendment is futile. *See Gallaher & Associates, Inc.*,

6

2010 WL 670078, at *1, *Brumbalough*, 427 F.3d at 1001. *See also AutoZone, Inc. v. Glidden Co.*, 737 F. Supp. 2d 936, 943 (W.D. Tenn. 2010) (observing that the court must first consider whether amendment is futile, and if so, the pertinent cause of action in the original complaint cannot survive the motion to dismiss). The First Amended Complaint is identical to the Original Complaint except for a few factual allegations. [*See* DE 1; DE 9-2; DE 12]. The parties do not assert undue delay, bad faith, dilatory motive, or lack of proper notice, so the Court's analysis will be limited to futility. *See Brumbalough*, 427 F.3d at 1001. Because the standard for futility mirrors the review applied in motions to dismiss, the Court will address Means' amended allegations as if included in her original Complaint. *See Saunders v. Ford Motor Co.*, No. 3:14-CV-00594-JHM, 2015 WL 1980215, at *4 (W.D. Ky. May 1, 2015) (addressing plaintiff's amended allegations as if included in first complaint); *Midkiff v. Adams Cnty. Reg'l Water Dist.*, 409 F.3d 758, 767 (6th Cir. 2005) (quoting *Martin v. Associated Truck Lines, Inc.*, 801 F.2d 246, 249 (6th Cir. 1986)) ("A motion for leave to amend may be denied for futility 'if the court concludes that the pleading as amended could not withstand a motion to dismiss.'").

As the claims in Plaintiffs' Complaint and First Amended Complaint are identical, and Grewal's Second Motion to Dismiss is a renewal of her first Motion to Dismiss and does not add new arguments, the Court will refer only to Plaintiffs First Amended Complaint [DE 9-2] and Grewal's first Motion to Dismiss [DE 8] in its below analysis.

    *i. Count I, II, and III: § 1983 First, Fourth, and Fourteenth Amendment Claims*

        *a. § 1983 Conspiracy*

The Court first addresses Plaintiffs' federal claims. Each of Plaintiffs' federal claims, Count I, Violation of the First Amendment, Count II, Violation of the First and Fourteenth Amendments, and Count III, Conspiracy to Interfere with Civil Rights, are pled under 42 U.S.C.

§ 1983. Plaintiffs "further allege that [Defendants] acted in conspiracy to conduct this intimidation scheme." [DE 9-2 at 54]. Grewal argues the Court should dismiss these allegations because Plaintiffs do not properly allege conspiracy, and thus none of the federal claims can survive under § 1983. [DE 8-1 at 40-41]. Plaintiffs point to their Complaint to prove they have met the Sixth Circuit's test for conspiracy. [DE 10 at 69-72].

"[Section] 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights elsewhere conferred." *Graham v. Connor*, 490 U.S. 386, 393–94 (1989) (internal quotation omitted). To state a claim under Section 1983, "a plaintiff must set forth facts that, when construed favorably, establish (1) the deprivation of a right secured by the Constitution or laws of the United States (2) caused by a person acting under the color of state law." *Burley v. Gagacki*, 729 F.3d 610, 619 (6th Cir. 2013).

"It is well-settled that conspiracy claims must be pled with some degree of specificity and that vague and conclusory allegations unsupported by material facts will not be sufficient to state such a claim under § 1983." *Gutierrez v. Lynch*, 826 F.2d 1534, 1538 (6th Cir. 1987). A conspiracy will exist under § 1983 when there is "an agreement between two or more persons to injure another by unlawful action." *Memphis, Tennessee Area Loc., Am. Postal Workers Union, AFL-CIO v. City of Memphis*, 361 F.3d 898, 905 (6th Cir. 2004). To establish a civil conspiracy claim, a plaintiff must show that (1) a "single plan" existed, (2) the defendants "shared in the general conspiratorial objective" to deprive plaintiff of his constitutional or federal statutory rights, and (3) an "overt act was committed in furtherance of the conspiracy that caused injury" to the plaintiffs. *Hooks v. Hooks*, 771 F.2d 935, 944 (6th Cir. 1985); *see also Trans Rail Am., Inc. v. Hubbard Twp.*, 478 F. App'x 986, 988 (6th Cir. 2012).

In response to Grewal's motion to dismiss, Plaintiffs point to the overt acts alleged: "Smithers arrived at Plaintiffs' residence and, as discussed below, engaged in at least one clearly established constitutional violation." [DE 10 at 70]. Plaintiffs then point to their alleged single plan: "the single plan was at worst to further Grewal's goal of protecting her family member from Dhillon's testimony or at least to extrajudicially intimidate her from discussing Grewal's family generally." [*Id.*]. At "this early stage of litigation," a plaintiff's specific allegations of a conspiracy will, as here, "suffice as long as they are plausible." *Novak v. City of Parma*, 932 F.3d 421, 436 (6th Cir. 2019); *Rudd v. City of Norton Shores, Michigan*, 977 F.3d 503, 517 (6th Cir. 2020). Plaintiffs' allegations of a conspiracy are sufficiently specific and plausible at this stage, and thus are not futile. Having established that these claims may proceed on the theory of conspiracy, the Court next considers the underlying rights.

### b. *First Amendment Claim*

The Court next turns to Plaintiffs' claims under the First Amendment. Grewal argues the Court should dismiss Kaur's First Amendment claims because as alleged, Kaur cannot understand English and could thus not have understood anything Smithers said to her. [DE 8-1 at 40]. Grewal argues that the Court should dismiss Dhillon's First Amendment claims because Dhillon "never alleged that any actions by the Defendants stopped her from testifying," only that Dhillon "understood Smithers's [sic] comments as a threat against her testimony." [*Id.* at 41].

Both parties analyze this claim under the elements for a first amendment retaliation claim. Under this type of claim, "[a] § 1983 plaintiff must plead factual allegations sufficient to establish that (1) the plaintiff engaged in constitutionally protected conduct; (2) an adverse action was taken against the plaintiff that would deter a person of ordinary firmness from continuing to engage in that conduct; and (3) the adverse action was motivated at least in part by the plaintiff's protected

9

conduct." *Handy-Clay v. City of Memphis, Tenn.*, 695 F.3d 531, 539 (6th Cir. 2012) (citations omitted).

Plaintiffs argue the constitutionally protected conduct was Dhillon's future truthful testimony in a legal proceeding or the "communication between Dhillon and Grewal" and that the adverse action was "the threat of improper arrest or criminal proceeding." [DE 10 at 71]. But "[t]t is well settled that mere threats, standing alone, do not rise to the level of a constitutional violation." *Adams v. Leaman*, 156 F.3d 1228 (6th Cir. 1998); *see also Macko v. Byron*, 760 F.2d 95, 97 (6th Cir. 1985) (citing *Lamar v. Steele*, 698 F.2d 1286 (5th Cir. 1983), *cert. denied*, *Steele v. Lamar*, 464 U.S. 821 (1983) ("A section 1983 claim only occurs when the threats or threatened conduct result in a constitutional deprivation.")). The allegations raised in the complaint here, that Smithers told Dhillon not to testify and Dhillon understood that as a threat, rise only to the level of threat and not to the level of a constitutional violation. Therefore, the claim cannot proceed as a first amendment retaliation claim. *Adams v. Leaman*, 156 F.3d 1228 (6th Cir. 1998)

Additionally, this could not stand as a § 1985(2) [1] conspiracy to deter a witness claim, because such claims must allege "a nexus between an alleged conspiracy and a federal court proceeding." *Allen v. Allied Plant Maint. Co. of Tennessee*, 636 F. Supp. 1090, 1093 (M.D. Tenn. 1986) (citing *Bradt v. Smith*, 634 F.2d 796, 801 (5th Cir. 1981); and *Brawer v. Horowitz*, 535 F.2d 830, 840 (3d Cir. 1976)); *see also Haddle v. Garrison*, 525 U.S. 121, 125 (1998) ("§ 1985(2) is directed is not deprivation of property, but intimidation or retaliation against witnesses in federal-court proceedings."); *Clemens v. Mount Clemens Cmty. Sch. Dist.*, 305 F. Supp. 3d 759, 770 (E.D. Mich. 2018) ("Included as a right under the First Amendment is the right to testify in any federal court proceeding freely, fully, and truthfully without 'deter[rence], by force, intimidation, or

---

[1] While the original Complaint cited 42 U.S.C. § 1985, the First Amended Complaint no longer cites this authority, and Plaintiffs make no argument on this point. [DE 1 at 1; DE 9-2 at 54].

10

threat.'" (citing § 1985(2))). The Complaint does not allege any federal proceeding was involved here, so § 1985(2) cannot support this claim.

The Court thus finds that Plaintiffs' Complaint "fail[s] to state a claim upon which relief can be granted" on their First Amendment claim. Fed. R. Civ. P. 12(b)(6). As a result, amendment of this claim is futile, and Defendants' Motion to Dismiss this claim is **GRANTED**.[2]

### c. Fourth and Fourteenth Amendment Claims

Plaintiffs claim Defendants infringed on their rights under the Fourth and Fourteenth amendments to be "free from unwarranted search and seizure and due process of the law." [DE 9-2 at 60]. Grewal argues this claim fails because the Complaint does not allege any actual search, seizure, arrest, or depravation of due process, but only alleges Dhillon understood she was being threatened not to testify. [DE 8-1 at 42]. Plaintiffs argue Smithers "restricted Dhillon's liberty by demanding to speak with her at the threat of locking her up" and "restricted Kaur's liberty by demanding that she present Dhillon to him." [DE 10 at 73]. Plaintiffs also allege Smithers restricted their liberty by "trespassing on their property" and restraining their "ability to simply walk away from the encounter without subjecting them to unwarranted accosting." [*Id.*].

The Fourth Amendment, made applicable to the states by the Fourteenth Amendment, provides that "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated." U.S. Const. amend. IV. A "seizure" of a person under the Fourth Amendment occurs when a police officer "by means of physical force or show of authority, has in some way restrained the liberty of a citizen." *Terry v. Ohio*, 392 U.S. 1, 20 n. 16 (1968). "The test for the existence of a 'show of authority' is an objective one: not whether the citizen perceived that he was being ordered to restrict his movement,

---

[2] Although only Grewal moved to dismiss, for the reasons stated, this claim cannot proceed against either defendant, and thus dismissal is granted with respect to both Defendant Grewal and Defendant Smithers.

11

but whether the officer's words and actions would have conveyed that to a reasonable person." *California v. Hodari D.*, 499 U.S. 621, 628 (1991). In *United States v. Mendenhall*, 446 U.S. 544, 554 (1980), the Supreme Court established the definitive rule that a seizure occurs if "in view of all of the circumstances surrounding the incident, a reasonable person would have believed that he was not free to leave."

In the First Amended Complaint, Plaintiffs allege that when Smithers came to their residence, he told Kaur "that Dhillon needed to call him, or she might 'be in trouble' and get 'locked up,'" which Kaur "understood [] as a threat to Dhillon's safety." [DE 9-2 at 57]. The Complaint contains no facts suggesting there was any objective conveyance that Kaur was not free to leave, or even that Kaur had a subjective belief that she was not free to leave. And "mere threats of a future seizure," including those against another person, "cannot support a constitutional claim." *Arnold v. Metro. Gov't of Nashville & Davidson Cnty.*, No. CIV 3:09CV0163, 2009 WL 2430822, at *13 (M.D. Tenn. Aug. 6, 2009) (citing *Thacker v. City of Columbus*, 328 F.3d 244, 258 (6th Cir. 2003)). Under this set of facts, the Fourth Amendment's protections against unreasonable seizure are not implicated, amendment is futile, and the Court **DISMISSES** this claim as alleged with respect to Kaur. Fed. R. Civ. P. 12(b)(6).

The Complaint next alleges that Dhillon called Smithers and they spoke for sixteen minutes, during which he threatened her not to testify or speak to Grewal. Dhillon argues the Fourth Amendment violations or seizures were these threats, along with Smithers' trespass on her property and restraining her "ability to simply walk away from the encounter without subjecting [her] to unwarranted accosting." [DE 10 at 73]. Dhillon cites no authority suggesting that trespass to property, without more, can amount to seizure, and the Court could not locate any. And while Dhillon argues she could not walk away from the phone call without "unwarranted accosting," this

argument is identical to the argument that Smithers was threatening her. Threats alone cannot support this claim. *Thacker v. City of Columbus*, 328 F.3d 244, 258 (6th Cir. 2003) ("threats alone cannot support a constitutional [Fourth Amendment unreasonable seizure] claim"). The Complaint thus fails to allege a Fourth Amendment unreasonable seizure claim, amendment is futile, and the Court **DISMISSES** this claim with respect to Dhillon as well. *Macko v. Byron*, 760 F.2d 95, 97 (6th Cir. 1985) ("only an actual violation of a constitutional right may be redressed under § 1983"); Fed. R. Civ. P. 12(b)(6).[3]

    ii.   State Law Claims

Having dismissed all federal claims, the Court, as is its duty, considers its jurisdiction over the remaining state claims. *Clarke v. Mindis Metals, Inc.*, 99 F.3d 1138 (6th Cir. 1996). Plaintiffs argue the Court should exercise supplemental jurisdiction because the state claims arise from the same case or controversy as the federal claims. [DE 10 at 73-74]. Grewal argues the Court should decline to exercise supplemental jurisdiction as there "has been no discovery and no time investment [in this case] other than in the motion to dismiss." [DE 12 at 94-95].

The statutory basis for this court's supplemental jurisdiction over state-law claims is set forth in 28 U.S.C. § 1367. "[D]istrict courts have broad discretion in deciding whether to exercise supplemental jurisdiction." *Pinney Dock & Transp. Co. v. Penn Cent. Corp.*, 196 F.3d 617, 620 (6th Cir. 1999). Section 1367(c)(3) provides that district courts may decline to exercise supplemental jurisdiction over related state claims if "the district court has dismissed all claims over which it has original jurisdiction." When deciding to exercise supplemental jurisdiction, a court should consider the "values of judicial economy, convenience, fairness, and comity." *Gamel v. City of Cincinnati*, 625 F.3d 949, 951–52 (6th Cir. 2010) (quoting *Carnegie-Mellon Univ. v.*

---

[3] Although only Grewal moved to dismiss, for the reasons stated, this claim cannot proceed against either defendant, and thus dismissal is granted with respect to both Defendant Grewal and Defendant Smithers.

*Cohill*, 484 U.S. 343, 350 (1988)).  The balance of these interests weighs in favor of declining supplemental jurisdiction.  *See Musson Theatrical, Inc. v. Fed. Exp. Corp.*, 89 F.3d 1244, 1254–55 (6th Cir. 1996), *amended on denial of reh'g,* No. 95-5120, 1998 WL 117980 (6th Cir. Jan. 15, 1998) ("When all federal claims are dismissed before trial, the balance of considerations usually will point to dismissing the state law claims[.]"); *see also Cirasuola v. Westrin*, 124 F.3d 196 (6th Cir. 1997); *and Taylor v. First of Am. Bank-Wayne*, 973 F.2d 1284, 1287 (6th Cir. 1992) ("Generally, if the federal claims are dismissed before trial the state claims should be dismissed as well." (internal citations omitted)).  The Court declines to exercise supplemental jurisdiction.  Therefore, Plaintiffs state law claims against Defendants are **DISMISSED** without prejudice.

### 3.   Kentucky Farm Bureau's Motion to Intervene [DE 17].

Kentucky Farm Bureau moves to intervene pursuant to Fed. R. Civ. P. 24(a).  [DE 17]. Having dismissed all claims against Defendants, the Court **DENIES as moot** Kentucky Farm Bureau's Motion to Intervene [DE 17].

**CONCLUSION**

Accordingly, the Court having considered the parties' motions, related filings, and being otherwise sufficiently advised, **IT IS ORDERED** as follows:

(1) Grewal's Motion to Dismiss [DE 8] is **GRANTED**;

(2) Plaintiffs' Motion Amend [DE 9] is **DENIED**;

(3) Grewal's Second Motion to Dismiss [DE 13] is **DENIED as moot**;

(4) Plaintiffs' Motion for Leave to file Sur-Reply [DE 14] is **GRANTED**;

(5) Kentucky Farm Bureau's Motion to Intervene [DE 17] is **DENIED as moot.**

(6) The Clerk is **DIRECTED** to close the case.

Rebecca Grady Jennings, District Judge
United States District Court

January 9, 2023

Cc: Counsel of record

15